**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA *ex rel.*
JOHN DOE

Plaintiffs,

v.

FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA,

Defendant.

CASE NO. ________________

**FILED IN CAMERA AND UNDER SEAL**

**JURY TRIAL DEMANDED**

FILED
IN CLERKS OFFICE
2009 FEB 10 P 3: 5
U.S. DISTRICT COURT
DISTRICT OF MASS.

**COMPLAINT**

Plaintiff and Relator John Doe, for his Complaint against Defendant Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America ("Fresenius") alleges as follows:

## I. INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false statements and claims made and presented by Fresenius and/or their agents, employees in violation of the Federal Civil False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, as amended ("the Act"). The violations of the Act involve claims for fraudulent billing to the United States Government ("Government"), including its Medicare and/or Medicaid programs, for tests that are not medically necessary including (1) hepatitis B surface antigen; (2) hepatitis B surface antibody tests; and (3) ferritin tests.

2. The Act provides that any person who knowingly submits or causes to be submitted a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of up to $11,000.00 for each such claim submitted or paid, plus three times the amount of the damages sustained by the Government. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring an action for

himself (the "Relator") and for the Government, and for them to share in any recovery. The Complaint is filed under seal for 60 days (without service on the Defendant during that period) to enable the Government: (a) to conduct its own investigation without the Defendant's knowledge, and (b) to determine whether to join in the action.

3. Based on those provisions of the Act, Plaintiff seeks to recover damages and civil penalties arising from Defendant's presentation of false and fraudulent billings to the Government's Medicare, Medicaid and other health insurance programs and their agents in connection with the Government's payment of claims for hepatitis and ferritin testing that was not medically necessary.

## II. PARTIES

4. Plaintiff and Relator John Doe is a resident of Daphne, Alabama, and is a former employee of Fresenius. John Doe brings this action for violations of 31 U.S.C. §§ 3729 *et seq.* on behalf of himself and the United States Government pursuant to 31. U.S.C. § 3730(b)(1). John Doe has personal knowledge of the false records, statements and/or claims that Fresenius presented to the Government.

5. Fresenius is a corporation headquartered in Waltham, Massachusetts. Fresenius is the successor in interest to The Renal Care Group, Inc. and National Medical Care, Inc. Fresenius is the nation's largest provider of dialysis services. The vast majority of patients receiving dialysis services from Fresenius receive Government assistance for treatment.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

7. This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. § 3732(a), which provides that "[a]ny action under section 3730 may be brought in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant can be found, resides, transacts business or in which any act proscribed by section 3729 occurred."

Section 3732(a) also authorizes nationwide service of process. Defendant Fresenius resides in and/or transacts business in the District of Massachusetts.

8. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendant Fresenius can be found in, resides in, and transacts business in the District of Massachusetts, and because some of the violations of 31 U.S.C. § 3729 described herein occurred within this judicial district.

## IV. DEFENDANT'S FRAUDULENT BUSINESS PRACTICES.

9. Fresenius is the country's largest provider of dialysis services. Most of these dialysis services are provided to patients who receive Government assistance for treatment. During the process of providing these services, Fresenius bills the Government for the dialysis services provided in the treatment of patients.

10. In regard to the testing performed by Fresenius, Title 33 of the Social Security Act, § 1862(a)(1)(A) allows Medicare coverage and payment for ***only*** those services that are considered to be medically reasonable and necessary. The Department of Health and Human Services, through the centers for Medicare and Medicaid services, publishes the "specific medical items, services, treatment procedures or technologies that can be paid for under Medicare" in its National Coverage Determinations manual ("NCD"). Unless specified in the NCD, an item, service, etc. is "not reasonable and necessary" under § 18629(a)(1) of the Act and therefore cannot be paid under Medicare.

11. According to the NCD, Medicare has limited coverage for tests related to hepatitis B. First, Medicare covers, upon admission to a dialysis facility, one hepatitis B surface antigen (HbsAG) test[1] and one hepatitis B surface anti-body (HBbsAb) test.[2]

12. Once a person has been admitted into a dialysis facility, coverage for hepatitis B

---

[1]A hepatits B surface antigen test is a test to determine whether a patient is infected with hepatitis B.

[2]A hepatitis B anti-body test is a test to determine whether a person has had prior exposure to hepatitis B, whether the person is no longer infected with hepatitis B, whether the person can pass the virus onto another person, and whether the person is protected from future infections of hepatitis B.

testing depends on the patient's "serologic status" i.e., whether the patient's blood shows the need for further testing. Pursuant to the NCD, the following post-admission tests are covered:

| Patient's Vaccination and Serologic Status | Testing Frequency | |
|---|---|---|
| | **HbsAG** | **HbsAb** |
| Unvaccinated and Susceptible to Hepatitis B | Monthly | Semiannually |
| Unvaccinated and positive for Hepatitis B infection (antigen test positive) | Annually | None |
| Unvaccinated but positive for Hepatitis B anti-bodies[3] | None | Annual |
| Vaccinated and positive for Hepatitis B anti-bodies[4] | None | Annual |
| Vaccinated but low level of or negative for Hepatitis B anti-bodies | Monthly | Semiannually |

The NCD also states that ferritin tests are only to be done quarterly.

13. Plaintiff alleges based on personal knowledge that Fresenius knew that these were the only hepatitis and ferritin tests that Medicare considered medically necessary and covered by Medicare. Nevertheless, as set forth below, Fresenius billed and likely continues to bill the Government for hepatitis and ferritin tests that were not medically necessary or reasonable as defined in the NCD.

14. From May 2001 to May 2006, Fresenius performed HbsAg and HbsAb tests and billed Medicare for those tests even though the tests were not medically necessary or reasonable. For example, Fresenius performed the tests and billed for the tests on a monthly basis ***even though*** the patient tested positive for hepatitis B antibodies. As set forth in the coverage schedule above, only an annual HbsAb test is medically necessary and reasonable when the

[3]The NCD states that a "anti-HB positive" means "at least 10 sample ration units by radioimmunoassay or positive by enzyme immunoassay."

[4]See footnote 1.

patient tests positive for hepatitis B antibodies.

15. From at from at least 2006 to 2008, Fresenius performed ferritin tests monthly. Despite the fact that only quarterly ferritin tests are "medically necessary" as set forth in the statute above, Fresenius claimed that these monthly tests were medically necessary and submitted them to the Government as such, and received reimbursement for the tests.

16. Fresenius submitted its claims through its "Proton" computer program. That computer program contains a database of Fresenius's patients. The data stored on each patient indicate whether the patient tested positive for hepatitis B antibodies and whether, despite that positive test, additional unnecessary tests were ordered and billed to Medicare. That data also indicates whether unnecessary ferritin tests were ordered and billed to Medicare.

17. The Government relies on Fresenius to issue non-fraudulent bills and to bill the Government only for medically necessary tests. Fresenius deliberately and/or recklessly billed the Government for tests that were not medically necessary. Fresenius concealed its fraudulent business practices, and this concealment has prevented the Government from discovering this systematic fraud.

18. Defendant's violations of the Act listed herein and their concealment thereof, stem from at least 2001. Plaintiff believes and alleges that such violations are ongoing. Relator has provided the United States with a Disclosure Statement prior to the filing of this Complaint.

## COUNT ONE
## VIOLATIONS OF THE ACT
## (31 U.S.C. §§ 3729(a)(1) and (a)(2)

19. Plaintiff repeats and incorporates by reference the allegations made in paragraphs 1 through 18 of this Complaint.

20. This is a claim for treble damages and civil penalties under the Act, 31 U.S.C. §§ 3729-32, as amended.

21. Through the acts described above, Defendant and its agents and employees

knowingly presented and caused to be presented to officers and employees of the Government false or fraudulent claims in order to obtain payment for unnecessary medical testing.

22. Through the acts described above, Defendant and its agents and employees knowingly made, used, or caused to be made or used, false records or statements to get such false or fraudulent claims paid by the Government.

23. The United States and its fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendant and its agents and employees, paid and continue to pay Defendant for claims that would not be paid if the truth were known.

24. The United States and its fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendant, have paid claims for unnecessary medical testing that they would not have paid otherwise.

25. As a direct result of the Defendant's false records, statements, claims and omissions, the United States has been damaged in the amount of many millions of dollars in monies paid for unnecessary medical testing.

26. The tolling provisions of 31 U.S.C. §§ 3731 make this Complaint timely with respect to all violations occurring within a ten-year period from the date of the filing of this Complaint.

**PRAYER**

WHEREFORE, Plaintiff/Relator prays for judgment against Defendant as follows:

1. That Defendant ceases and desists from violating 31 U.S.C. §§ 3279-32, as amended;

2. That the Court enter judgment against the Defendant in an amount equal to the total of three times the amount of damages the United States has sustained as a result of the Defendant's actions, as well as a civil penalty against the Defendant in the amount of $11,000.00 for each violation of 31 U.S.C. § 3729;

3. That Plaintiff/Relator be awarded the maximum amount allowed pursuant to § 3730(d) of the Act;

4. That Plaintiff/Relator be awarded all costs and expenses of this action, including attorney fees; and

5. That the United States and the Plaintiff/Relator recover all such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury.

Dated: February 10, 2009

Respectfully submitted,

By: ______________________

Robert M. Thomas, Jr.
(Mass. BBO #645600)
Rory H. Delaney
(Mass. BBO #655666)
Suzanne E. Durrell
(Mass. BBO #139280)
*THOMAS & ASSOCIATES*
280 Summer Street, 5th Floor
Boston, MA 02210-1131
Phone: (617) 371-1072
Fax: (888) 676-7420
rmt@thomasandassoc.net

R. Edwin Lamberth
Cunningham Bounds, LLC
(Ala. Bar No. ASB-5698-A56R)
Post Office Box 66705
Mobile, AL 36660
Phone: (251) 471-6191
Fax: (251) 479-1031