UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* CHRISTOPHER DRENNEN,<br><br>*Plaintiffs,*<br><br>vs.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC.,<br><br>*Defendant.* | No. 1:09-cv-10179-GAO |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REFERENCE TO MAGISTRATE JUDGE DEIN FOR A REPORT AND RECOMMENDATION ON FEE PETITION (DOC. NO. 342)**

Relator Christopher Drennen ("Relator") respectfully submits this Memorandum of Law in support of his Motion for Reference to Magistrate Judge Dein for a Report and Recommendation on Fee Petition (Doc. No. 342).

**PROCEDURAL BACKGROUND**

This case was filed by Relator on February 10, 2009, against Defendant Fresenius Medical Care Holdings, Inc ("Fresenius"). *See* Doc. No. 1. Extensive and contentious discovery ensued over a seven-year period in which Fresenius defended aggressively. On January 14, 2016, the United States of America (the "United States") was permitted to intervene belatedly upon the report and recommendation to this Court of Magistrate Judge Judith G. Dein ("Judge Dein"), to whom this Court had referred the question of whether late intervention should be permitted. *See* Doc. Nos. 196, 206. The United States intervened as to one claim, but chose not to intervene regarding a second claim that presented an alternative damages approach. *See id.* The United

1

States, again upon the report and recommendation of Judge Dein to this Court, was permitted to engage in further discovery (narrowed by this Court), *see id.*, and in which Relator's counsel participated as reflected in the Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs Under the False Claims Act, 31 U.S.C. § 3730(d)(1) and (2) (the "Fee Petition"), and added significant value because of their deep knowledge of the facts following their own seven years of discovery.

Pursuant to the Court's Order on July 14, 2020, *see* Doc. No. 353 at 8:24–9:11, 10:20–21, Relator's counsel timely filed the Fee Petition, *see* Doc. No. 342. Briefing ensued and, six months later, the Court referred the case to mediation before Magistrate Judge Marianne B. Bowler. *See* Doc. Nos. 374, 375. A mediation session occurred on May 13, 2021, but the parties did not reach a resolution, and Magistrate Judge Bowler recommended that the Court restore the case to its trial list. *See* Doc. Nos. 377, 379.

With the benefit of substantial briefing, the Court held a hearing on July 22, 2021, on the Fee Petition and on a Motion filed by Fresenius challenging the timeliness of the Fee Petition, and took both under advisement. *See* Doc. Nos. 388, 389. Relator periodically sought, and received, permission to file supplemental briefing in 2022 and 2023 to update the Court on subsequent authority. *See* Doc. Nos. 392, 395, 397, 402.

The only magistrate judge who has been involved in this case in a judicial role is Judge Dein,[1] whose intended retirement at some point next year[2] was recently announced. Hence, if the Court wishes to bring this matter to as prompt a resolution as is feasible, as Relator's attorneys do, a referral to Judge Dein for a report and recommendation may be the most efficient and expeditious

---

[1] Magistrate Judge Bowler functioned as a mediator.
[2] At this point, Judge Dein appears to have matters scheduled before her through at least the end of February 2024.

route. If the Court were to refer the matter to Judge Dein, she would have the benefit of extensive knowledge of the history of the case and the efforts of Relator's counsel, in addition to the substantial briefing and transcript of the hearing on the Fee Petition.

## ARGUMENT

I.  **REFERRING THE FEE PETITION TO JUDGE DEIN FOR A REPORT AND RECOMMENDATION BEFORE HER RETIREMENT MAY EXPEDITE RESOLUTION OF THE FINAL ISSUE IN THE CASE, TO THE BENEFIT OF BOTH THE PARTIES AND THE COURT.**

Relator respectfully suggests that referring the Fee Petition to Judge Dein for a report and recommendation may expedite the resolution of the final issue remaining in this case, to the benefit of the parties and the Court. An expedited resolution benefits the parties with closure, and benefits the Court by streamlining the completion of a quasi-ministerial function and freeing the Court to deal with more substantive Article III functions. Under Rules 54 and 72 of the Federal Rules of Civil Procedure, "[t]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter," Fed. R. Civ. P. 54(d)(2)(D), i.e., for a "recommended disposition, including, if appropriate, proposed findings of fact," Fed. R. Civ. P. 72(b)(1). On receipt of a recommended disposition to which objections have been made, a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

II. **UNDER RULES 6 AND 8 OF THE RULES FOR UNITED STATES MAGISTRATE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, JUDGE DEIN IS THE APPROPRIATE MAGISTRATE JUDGE TO ISSUE A REPORT AND RECOMMENDATION ON THE FEE PETITION.**

If the Court is to refer the Fee Petition to a magistrate judge for a report and

3

recommendation, the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts ("D. Mass. M.J. Rules") support the principle that the referral be to Judge Dein because of her prior experience in this case. Rules 6 and 8 of the D. Mass. M.J. Rules both state that, "when a magistrate judge has already ruled on a matter in a particular case, a subsequent referral in that case must be assigned to the same magistrate judge." D. Mass. M.J. Rules 6(a)(1), 8(a)(1)(C).

Under D. Mass. M.J. Rules 6 and 8, Judge Dein is the appropriate magistrate judge to provide a report and recommendation on the Fee Petition, given that the Court previously assigned this case to her.[3] On October 8, 2014, the Court referred the case to Judge Dein for "Full Pretrial, Dispositive Motions," including three specific discovery motions. *See* Doc. No. 133 (referring Doc. Nos. 117, 119, and 121). On October 28, 2014, Judge Dein entered an Order on the discovery motions the Court specifically referred, *see* Doc. No. 141, thereby triggering provision in the rules that future referrals be made to the same magistrate judge, namely, Judge Dein, *see* D. Mass. M.J. Rules 6(a)(1), 8(a)(1)(C). For three-and-a-half years after her initial ruling, Judge Dein presided over extensive discovery that coincided with a significant portion of the attorneys' fees the parties have incurred, making her especially well positioned to provide a recommendation on the factual record submitted with the Fee Petition before her upcoming retirement. That Judge Dein has issued reports and recommendations on key motions in this case, including the United States' Motion for Leave to Partially Intervene for Good Cause (Doc. No. 178) and Fresenius' Motion to Strike or Dismiss Portions of the United States' Complaint in Intervention (Doc. No. 214), speaks further

---

[3] While Magistrate Judge Bowler has been involved in this case, the Court appointed her in the non-judicial capacity of a mediator. Doc. Nos. 147, 375 ("Notice of reassignment to ADR Provider. Judge Marianne B. Bowler appointed.") In light of Magistrate Judge Bowler's knowledge of the parties' positions on settlement – including regarding attorneys' fees – it would not be appropriate to refer the Fee Petition to Magistrate Judge Bowler.

to the prudence of referring the Fee Petition for a report and recommendation to her. *See* Doc. Nos. 196, 269. Relator submits that a referral to Judge Dein for a report and recommendation may present the most expeditious route toward adjudicating the Fee Petition, and therefore respectfully suggests that the Court make the referral as discussed herein.

Dated:  December 8, 2023                                Respectfully submitted,


                                              */s/ Joan A. Lukey*
Joan A. Lukey (BBO #307340)
R. Nicholas Perkins (BBO #705758)
**MANATT, PHELPS & PHILLIPS LLP**
One Beacon Street
Suite 28-200
Boston, MA 02108
Tel: 617.646.1448
jlukey@manatt.com
nperkins@manatt.com

Suzanne E. Durrell
**Durrell Law Office**
180 Williams Avenue
Milton, MA 02186
Tel: 617.333.9681
suzanne@thomasdurrell.com

Charles H. Thronson
**Parsons Behle & Latimer**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Tel: 801.532.1234
Fax: 801.536.6111
cthronson@parsonsbehle.com

Mike Worel
**Dewsnup King & Olsen**
36 South State Street, Suite 2400
Salt Lake City, UT 84111
Tel: 801.533.0400
mworel@dkolaw.com

James A. Johnson
**Law Offices of James Johnson**
21 North Florida Street
Mobile, AL 36607
Tel: 251.473.1800
jjohnson@jamesajohnsonpc.com

Jeremy L. Friedman (*Pro Hac Vice*)
**Law Office of Jeremy L. Friedman**
2801 Sylhowe Road
Oakland, CA 94602
Tel: 510.530.9060
Fax: 510.530.9087
jlfried@comcast.net

**Attorneys for Relator Christopher Drennen**

## CERTIFICATE OF SERVICE

      I, Joan A. Lukey, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on December 8, 2023. There are no known non-registered participants.

                                                /s/ Joan A. Lukey
                                                Joan A. Lukey (BBO #307340)