IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. **ex rel.** CHRISTOPHER DRENNEN, <br><br> Relator, <br><br> v. <br><br> FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, <br><br> Defendant. | Case No. 1:09-cv-10179-GAO |

**DEFENDANT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION FOR REFERENCE TO MAGISTRATE JUDGE DEIN FOR A REPORT AND RECOMMENDATION ON FEE PETITION**

Relator's motion for an award of attorneys' fees and costs has been extensively briefed, mediated (unsuccessfully), argued to the Court, and is ripe for decision by this Court, which issued an order on supplemental briefing just last week. Given Relator's views of what fees are reasonable in this case – which was resolved by the U.S. Department of Justice based on an inadvertent overpayment theory as opposed to a False Claims Act violation for a tiny fraction the damages alleged by Relator and with no admission of liability by FMCNA – it is likely that this matter will inevitably be resolved by the District Court even if it were referred as an initial matter.

While FMCNA recognizes that the suggested U.S. Magistrate Judge is well-qualified, the prior magistrate referral for this case ended 5 years ago and did not involve the merits or attorney fees, such that the issues central to resolution of the pending motions likely are not top-of-mind. In addition, the overall objections to the fee request, including whether the request is timely or whether counsel can recover fees grossly disproportionate to Relator's recovery, and the

objections to specific requests (such as for overbilling or clearly inaccurate time entries) are suitable for resolution by the District Court. Nor does further time for the District Court to rule on the pending motions prejudice a party to any litigation in the court; the case is over and the settlement amount paid. For these reasons and those discussed below, FMCNA submits that referral would only multiply proceedings and expense and not serve judicial economy.

## BACKGROUND

Relator initiated this case in February 2009, asserting False Claims Act (FCA) violations based on his work as an Area Manager at certain FMCNA dialysis clinics in Mobile, Alabama. Over FMCNA's objection, Relator purported to pursue broad claims about a variety of lab tests that he claimed accounted for tens of billions of dollars in payments by the federal government. *See* ECF 169, p. 1. In 2015, the government moved to intervene in a portion of Relator's claims. FMCNA and the government engaged in discovery, and the case was resolved by settlement in 2019 for restitution only. *See* ECF 325, 326, 344-1 (at p. 2). The settlement amount was a miniscule fraction of Relator's prior demands and represented no FCA damages or penalties. Indeed, the legal theory of restitution upon which the case was resolved is not a legal theory that a relator is entitled to pursue under the FCA. The case settled due to the involvement of the government and its decision that the proper resolution should *not* implicate FCA-type damages or claims.

More than seven months after the stipulation of dismissal was filed closing the case, Relator moved this Court for a case management conference on his claim to attorneys' fees and costs under the FCA. ECF 330. FMCNA moved for a ruling that any such fee motion was untimely, and Relator filed his fee motion seeking an award from this Court that grossly outstrips the restitution the government recovered many times over. ECF 341-350. Since that time,

hundreds of pages of briefing and exhibits have been submitted to the Court regarding the pending motions. *See* ECF 341-350, 355, 356, 368, 382, 384-386, 392, 394-395, 397, 398, 402. Contrary to Relator's characterization of the issues as "quasi-ministerial" (ECF 404, p. 3), the motions call for much more than an accounting exercise. They in fact present important legal questions relating to the impact of Relator's lack of success on his fee request, as well as evidentiary questions arising from rampant improper and duplicative bills, among other issues.

In the spring of 2021, the Court referred the parties to mediation before Magistrate Judge Bowler, which did not result in resolution.[1] ECF 374-379. The Court has held a conference, issued orders, and held a full hearing with counsel for both sides presenting extensive argument on the fee-related motions on July 22, 2021, after which the Court took the motions under advisement. ECF 338, 373, 388, 393, 401. Relator has filed "supplemental" submissions in support of his motion, primarily directed to inflating his fee request even further based on alleged lockstep "rate increases" for years after the work at issue was allegedly performed. FMCNA responded by explaining that Relator's strategy is baseless and none of his new cited authorities support his fee claim. ECF 392, 394-395, 397-398, 402.

Although FMCNA's motion regarding the untimeliness of Relator's fee request and Relator's fee motion itself are fully briefed, argued, and under advisement with this Court, Relator moved last week for an order referring his fee motion to a magistrate judge for a report and recommendation. ECF 403-404. As discussed further below, Relator's request is too late, counterproductive to the goals he claims to be seeking, and should be denied.

**ARGUMENT**

---

[1] Magistrate Judge Bowler met with the parties for purposes of exploring alternative dispute resolution twice in this matter. ECF 159 (March 25, 2015), 379 (May 13, 2021).

Contrary to Relator's suggestion, there is no reason to believe that a referral to a magistrate judge under Rules 54(2) and 72(b) would "bring this matter to as prompt a resolution as feasible." ECF 404, p. 2. The docket has not fallen dormant. This Court has recently disposed of another motion Relator had filed seeking to submit "supplemental authority" on his fee request (ECF 401)[2] and, in doing so, appears prepared to decide the main motions. Referring the issue to a different judge when this Court has invested substantial resources would be inefficient and likely to delay the ultimate resolution further. That is contrary to the overarching principle of the Federal Rules of Civil Procedure requiring the Rules to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In addition to retracting a fully submitted motion from consideration by a Court that already heard argument on it, a referral at this late date risks multiplying the proceedings. A magistrate judge cannot fully and finally determine a motion for attorneys' fees. Rather, a motion for attorneys' fees is treated as a dispositive motion. *See* Fed. R. Civ. P. 54(d)(2)(D). As Relator acknowledges, the parties would have the right to object to any report and recommendation issued by a magistrate judge and receive de novo review under Fed. R. Civ. P. 72(b)(3). On de novo review, a district court must review the disputed legal and evidentiary issues afresh and make its own determination. *See, e.g.*, *U.S. v. Dynamics Research*, 441 F. Supp. 2d 259, 263 (D. Mass. 2006). Thus, Relator's requested referral will potentially bring the parties right back before this Court at some later date to re-brief and re-argue the same issues that

---

[2] FMCNA addressed Relator's latest "supplement" in its response filed on February 9, 2023. ECF 398. Subsequent authorities continue to confirm that Relator misconstrues the case that was the subject of his submission, *U.S. ex rel. Lovell v. AthenaHealth*, 56 F.4th 152 (1st Cir. 2022). *See U.S. ex rel. Zappala v. Steward Healthcare Sys.*, 2023 WL 6626547 (D. Mass. Oct. 11, 2023) (cutting requested FCA fees, costs, and expenses by nearly 90% and explaining *AthenaHealth* "did not hold that 'fees from interrelated work on' intervened and declined claims are compensable under 31 U.S.C. § 3730(d)(1)").

are already under full submission.  That is the opposite of the "expedited resolution" Relator claims to seek.  ECF 404, p. 3.

Finally, Relator argues that the suggested magistrate is in a unique position to decide the issues in his fee petition.  However, the prior referral was terminated on April 2, 2018 (ECF 290), five and a half years ago.  The prior referral involved certain motions but none of them involved attorney fees or an assessment of whether a recovery of $5 million by the U.S. government would mean that the sprawling case filed and pursued by Relator was successful in any way.  Regarding judicial economy, the prior history of the case does demonstrate that the District Court did not adopt key prior recommendations on count-dispositive issues.  The prior termination of the referral took place after the Court sustained certain objections by FMCNA.  *See* ECF 289, 290.  It is this Court that is most familiar with this action and, in particular, the fee-related disputes at issue that, as discussed, are more than "ministerial."  The most efficient course of action is for this Court to rule on the motions that it has already reviewed, heard, and taken under advisement.

## CONCLUSION

For all these reasons, FMCNA respectfully requests that Relator's motion for referral of his motion for attorneys' fees and costs to Magistrate Judge Dein be denied.

Dated: December 15, 2023                                Respectfully submitted,

                                                    By: /s/ James F. Bennett
                                                          James F. Bennett
                                                          Megan S. Heinsz
                                                          DOWD BENNETT LLP
                                                          7676 Forsyth St., Ste. 1900
                                                          St. Louis, MO 63105
                                                          jbennett@dowdbennett.com
                                                          mheinsz@dowdbennett.com
                                                          and

        Maria R. Durant
        HOGAN LOVELLS LLP
        125 High St., #2010
        Boston, MA 02110
        maria.durant@hoganlovells.com

        Attorneys for Fresenius Medical
        Care Holdings, Inc. d/b/a Fresenius
        Medical Care North America

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which sent notification of the filing to all counsel of record.

      /s/ James F. Bennett